## HOUCK *vs.* SCOTT.

1. After judgment of *respondeas ouster*, upon a demurrer to a plea in abatement,—no other plea in abatement can be allowed.

Error to the Circuit court of Morgan county.

Appeal from the judgment of a justice of the peace, tried before Judge *Lane.*

This action was originally commenced by the plaintiff against the defendant, before a justice of the peace, where he obtained a judgment against the defendant. From this judgment, an appeal was taken to the Circuit court of Morgan county. The defendant pleaded in abatement of the suit, that he was a resident freeholder of Limestone county. To this plea, the plaintiff demurred. The court sustained the demurrer, and gave the defendant leave to plead over. The defendant then filed a second plea in abatement, embracing the same subject matter as the first. This plea, the plaintiff moved the court to strike out; which motion, the court refused, and to which refusal, the plaintiff excepted. The plaintiff then demurred to the second plea, which the court overruled, and rendered judgment for the defendant. These matters were assigned for error.

*Parsons,* for plaintiff in error.
*McClung,* contra.

ORMOND, J.—The judgment of the court of *respondeat ouster,* after sustaining the demurrer of the plaintiff to

8 P.            22

Houck *vs.* Scott.

the first plea filed in abatement was correct; but it was error to permit the defendant to file another plea in abatement. After judgment of *respondeat ouster*, no other plea in abatement can be allowed—(Cresswell vs. Vaughan, 2 Saunders' R. 40, 41.) This being the law, the court should have rejected the second plea filed in abatement, which the motion of the plaintiff to strike out was equivalent to, and which should have been granted.

It follows, by necessary consequence, that as the plea was not authorised, and should have been rejected by the court, that the plaintiff's demurrer to it should have been sustained.

The judgment is reversed, and the cause remanded.